

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-3-2007

# O'Brien v. State of NJ

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2452

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"O'Brien v. State of NJ" (2007). *2007 Decisions*. Paper 1364.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1364

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2452
_____

RICHARD O'BRIEN,
                                   Appellant

v.

STATE OF NEW JERSEY
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 05-cv-03809)
District Judge: Honorable Garrett E. Brown, Jr.
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
January 8, 2007

Before:  RENDELL, AMBRO and ROTH, <u>Circuit Judges</u>

(Filed: April 3, 2007)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Appellant, Richard O'Brien, timely appeals from the District Court's grant

of defendant's Motion to Dismiss based on sovereign immunity.

        O'Brien is a former firefighter for the City of Hackensack who claims that

the State of New Jersey violated his constitutional rights by mishandling the appeal of his discharge from that employment. Specifically, he alleges that the State Department of Personnel acted improperly by rejecting his appeal due to his failure to attend a hearing that was held ten months before he had filed that appeal. He sought to have the District Court waive the time limitation on his appeal, overturn the underlying employment decision, and award money damages. The District Court denied his motion to file an amended complaint adding as defendants various State officers acting in their official capacities.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and undertake plenary review of the District Court's ruling on immunity. See United States v. Gov't of V.I., 363 F.3d 276, 284 (3d Cir. 2004). States may not be sued by private parties in federal court unless Congress has exercised its limited power to authorize such suits or the state waives its sovereign immunity by consenting to suit. See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 669-70 (1999). Here, the State of New Jersey is the only defendant.[1] As sovereign immunity has neither been abrogated by Congress nor waived by the state in this case, we conclude that the complaint was

---

[1] The proposed amendment to the complaint would have been futile. Suits against state officers acting in their official capacities are treated the same as suits against the state itself, Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989), except in limited circumstances not present here. See, e.g., Verizon Md., Inc. v. Public Servs Comm'n, 535 U.S. 635, 645 (2002).

2

properly dismissed.[2]

Accordingly, we will affirm the order of the district court. Appellant's motion for appointment of counsel is denied.

---

[2] On December 7, 2006, we requested that appellant submit a two-page brief addressing the sovereign immunity issue. Appellant's motion to increase the page limit of his brief in response to court order from two to four pages is granted. We have given full consideration to all arguments contained in the submitted brief.